IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUGO RENE ALVAREZ, JR., *deceased,* § | | |
| *by and through heirs* VIRGINIA GONZALEZ, § | | |
| JESUS GONZALEZ, and RUBEN § | | |
| VIDAURRI, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | 1:18-CV-958-RP | |
| § | | |
| MATTHEW JUDD, UNNAMED OFFICERS § | | |
| A & B, and CITY OF AUSTIN, TEXAS, § | | |
| § | | |
| Defendants. § | | |

**<u>ORDER</u>**

Before the Court is Defendant Matthew Judd's ("Judd") Motion to Withdraw or Amend Deemed Admissions. (Dkt. 15). Plaintiffs delivered requests for admission to Judd on February 25, 2019. (Resp., Dkt. 17, at 2). Those requests ask Judd to admit or deny facts centrally relevant to Judd's liability in this action, such as the fact that Judd did not see Hugo Alvarez with a weapon before shooting him, that Judd never saw Alvarez take any actions indicating that he was a danger to others, or that Judd intended to kill Alvarez. (*See* RFAs, Dkt. 14-1, at 5–9). Judd did not respond to Plaintiffs' request for production until May 3, 2019. (Mot., Dkt. 15, at 3).

Under Federal Rule of Civil Procedure 36, a matter is admitted if the requesting party does not receive an answer within 30 days of the request. Fed. R. Civ. P. 36(a)(3). By failing to timely respond to Plaintiffs' requests for admission, Judd admitted all of the matters listed in Plaintiffs' requests for admission. *Id.* And once a matter is admitted under Rule 36, it is "conclusively established" unless a court permits the admission to be withdrawn. Fed. R. Civ. P. 36(b). Judd now seeks withdrawal of his deemed admissions. (Mot., Dkt. 15).

1

A court may permit withdrawal "if it would promote the presentation of the merits" of the action and if the court "is not persuaded that it would prejudice the requesting party" in defending the action on the merits. Fed. R. Civ. P. 36(b). The first prong of Rule 36(b)'s test is typically satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case." *Curtis v. State Farm Lloyds*, CIV.A. H-03-1025, 2004 WL 1621700, at *5 (S.D. Tex. Apr. 29, 2004) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). Such is the case here: this is an excessive-force case involving a police officer who shot and killed a man, and the matters deemed admitted bear directly on the reasonableness of Judd's use of force.

The second prong is likewise established. Judd responded to Plaintiffs' requests for admission just over one month late and over a year before discovery will close in May 2020. (Sched. Order, Dkt. 13). The deadline for dispositive motions is still nearly a year away, and trial is set for October 2020. (*Id.*). Despite the ample time left to conduct discovery, Plaintiffs argue that they will nonetheless be prejudiced by withdrawal of Judd's deemed admissions because "there is no evidence" that can recreate the events leading up to the shooting, because Judd, who was alone when he shot Alvarez, now purports to not remember the incident well. (Resp., Dkt. 17, at 2–3).

The position that there is no evidence of Judd's perceptions of facts leading up to the shooting is both untrue and insufficient to establish prejudice under Rule 36(b). Plaintiffs' position is untrue because there are detailed notes of the Austin Police Department's interview with Judd after the shooting that contain statements directly relevant to the matters he is deemed to have admitted. (APD Interview Report, Dkt. 17-2). And Plaintiffs' position is irrelevant because the burden of proving a fact by evidence rather than admission is "not the kind of prejudice contemplated by Rule 36(b)." *Stafford v. Estate of Hart*, 3:09CV477TSL-FKB, 2010 WL 1529316, at *1 (S.D. Miss. Apr. 14, 2010). The sort of prejudice that is contemplated—a "sudden need to obtain evidence upon withdrawal . . . of an admission"— is not at issue here, as Plaintiffs have nearly a full year to develop

2

evidence for trial. *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

Accordingly, **IT IS ORDERED** that Judd's Motion to Withdraw or Amend Deemed Admissions, (Dkt. 15), is **GRANTED**. Judd is permitted to withdraw his deemed admissions to the requests for admission served on February 25, 2019.

**SIGNED** on July 29, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE